UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALEH A. SALEH,

        Plaintiff,                            Case No. 15-11941

v.                                               Paul D. Borman
                                                United States District Judge

MICHAEL BOUCHARD, ET AL,

        Defendants.
_____/

## ORDER DENYING REQUEST FOR ADJOURNMENT AND ORDERING PLAINTIFF SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION OR MOOTNESS

Now before the Court is Plaintiff Saleh's "Complaint and Request for Immediate Injunctive Relief" that was filed in Circuit Court for the County of Oakland and removed to this Court on May 29, 2015. (ECF No. 1). Plaintiff, who is currently serving a 90 day sentence at the Oakland County Jail, asserts in his complaint that Defendants are being deliberately indifferent to his serious medical needs in violation of his Constitutional rights. Plaintiff alleges that he is being denied narcotic pain medication and a variety of physical therapies for back injuries sustained from a 2011 serious automobile accident. (Compl. ¶¶ 6-14). Plaintiff seeks only injunctive relief from this Court in the form of his medications and physical therapy.

The Court notes that Plaintiff's complaint was initially construed as a request for an emergency temporary restraining order. During the three extensive phone on-the-record phone conferences this Court has held over the same number of weeks, the Court has been informed that Defendants have responded to Plaintiff's requests for medical care by personal examinations and medical prescriptions. Plaintiff is now receiving pain medications including Neurontin and Mobic, and has been evaluated multiple times by medical personnel, including Dr. Philip Durocher, the Chief Medical Doctor at the Oakland County Jail. Additionally, Plaintiff is now part of Oakland County Jail's "Pain Pathway Protocol" which involves continued evaluation of his chronic pain and medication.

Plaintiff's complaint seeks injunctive relief. To that end, during the last phone conference on June 15, 2015, the Court requested expedited briefing from Plaintiff, supported by legal authority, regarding Plaintiff's continued medical need for physical therapy. The Court advised Plaintiff to file the motion by June 22, 2015, and allowed Defendants one week to respond.[1]

Plaintiff has failed to file any motion and has instead informally requested an adjournment of all action in this case for thirty days. Plaintiff's counsel represents

---

[1] The Court also advised the parties of a recent Sixth Circuit case, *Nouri v. County of Oakland*, --- F. App'x ---, 2015 WL 3650168 (6th Cir. Jun. 12, 2015), that could be relevant to the Plaintiff's claims.

this adjournment would encompass Plaintiff's anticipated release date of July 9, 2015 and allow Plaintiff's counsel time to determine whether to proceed with this matter. Defendants do not agree to the proposed adjournment.

Significantly, Plaintiff now seeks to adjourn this matter until *after* Plaintiff's release from the Oakland County Jail. Such an adjournment would moot Plaintiff's only requested remedy: injunctive relief. Moreover, Plaintiff failed to file the requested briefing regarding his need for physical therapy by June 22, 2015.

In light of all of these facts, the Court DENIES Plaintiff's request for a 30 day adjournment and also ORDERS that Plaintiff shall SHOW CAUSE within seven days of this Order as to why this matter should not be dismissed for lack of prosecution and/or mootness.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: JUN 2 6 2015

PURSUANT TO RULE 77 (d), FED. R. CIV. P. COPIES MAILED TO ATTORNEYS FOR ALL PARTIES ON June 26, 20 15

DEPUTY COURT CLERK

3